ARTHUR HOCHBERG, HANNAH HOCHBERG, FRANK A. WITBECK, ALICE M. WITBECK, SIDNEY W. REID, MARY B. REID AND ANNA S. COLE, PLAINTIFFS-APPEL-LANTS, v. FREEHOLD RACING ASSOCIATION, A BODY CORPORATE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 23, 1956—Decided May 17, 1956.

274

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Robert V. Carton* argued the cause for plaintiffs-appellants (*Messrs. Durand, Ivins & Carton,* attorneys).

*Mr. John J. Clancy* argued the cause for defendant-respondent (*Messrs. Clancy and Hayden,* attorneys; *Mr. Joseph A. Hayden,* of counsel and on the brief).

The opinion of the court was delivered by
CLAPP, S. J. A. D. This is an appeal from an order of the Superior Court, Chancery Division, dismissing the complaint herein for failure to prosecute the action. *R. R.* 1:30–3.

Plaintiffs herein, and others, instituted an action in the Superior Court, Law Division, against the defendant to set aside a variance granted to the defendant by the Board of Adjustment of the Borough of Freehold. See the opinion of this court in *Hochberg v. Board of Adjustment of Borough of Freehold,* 40 *N. J. Super.* 271 (*App. Div.* 1956), recently filed. Plaintiffs then instituted this Chancery Division action, seeking, in part, to restrain defendant from doing anything in furtherance of the variance; and in part, to remove all structures and enlargements thereof allegedly erected by defendant on its property in the Borough as to which no variance had been secured, and also all betting equipment, amplifiers, bar, restaurant and all other equipment not there in 1924 when the Borough of Freehold adopted its first zoning amendment; and finally to restrain all activity not carried on there at that time. Certain of the plaintiffs herein, and others, later instituted a third action against the defendant and another person in the Superior Court, Law Division, seeking to set aside an amendment to Freehold's zoning ordinance. See the opinion of this court in *Hochberg v. Borough of Freehold,* 40 *N. J. Super.* 276 (*App. Div.,* May 17, 1956).

 Generally all matters in controversy between parties, whether the matters be legal or equitable, should be disposed of in a single action. *New Jersey Highway Authority v. Renner,* 18 *N. J.* 485, 492 (1955); *Garrou v. Teaneck Tryon*

*Co.,* 11 *N. J.* 294, 304 (1953); *cf. Dolan v. DeCapua,* 16 *N. J.* 599, 613 (1954). The circumstances here were such that in our opinion the relief sought in the Chancery Division action should have been applied for in either of the Law Division actions above referred to.

But final judgment has now been entered in each of these Law Division actions, and the present question is whether plaintiffs should be denied their day in court as to the Chancery Division action. There was reason not to prosecute the Chancery action more diligently; plaintiffs have conceded that the issues in that action would have become moot if the courts had sustained the zoning amendment above mentioned. We need not detail the circumstances, as we think it fairly clear that the proper course here is to reverse and reinstate the action.

Reversed.